FILED
SUPERIOR COURT
OF GUAM

2022 JUN -6 PM 4: 54

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>       Plaintiff,<br><br>vs.<br><br>CHRIS JUNIOR ANDERSON<br>TEDTAOTAO,<br><br>       Defendant. | Case No. CF0690-17<br>Case No. CF0691-17<br><br><br>**DECISION AND ORDER**<br>**(Provision in Plea Agreement)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on May 2, 2022, for a Sentencing Hearing. Assistant Public Defender William C. Bischoff represents Chris Junior Anderson Tedtaotao ("Defendant"). Assistant Attorney General Jeremiah B. Luther represents the People of Guam ("People"). Having considered the arguments and the applicable law, the Court hereby **holds enforcing the provision contained in paragraph 9(e) of the Plea Agreement is not a Double Jeopardy violation.**

## BACKGROUND

On August 7, 2018, Defendant pled guilty to Third Degree Robbery (As a Third Degree Felony) in Superior Court of Guam Criminal Case No. CF0691-17 and Third Degree Robbery (As a Third Degree Felony) in Superior Court of Guam Criminal Case No. CF0690-17 pursuant to a plea agreement between Defendant and the People. Plea Agreement at 2–4, Sept.

12, 2018. Under the terms of the plea agreement, Defendant is sentenced to five years incarceration, all but three suspended, with credit for time served for Third Degree Robbery (As a Third Degree Felony) in CF0691-17 and ten years incarceration, all but three years suspended, with credit for time served for Third Degree Robbery (As a Third Degree Felony) in CF0690-17. *Id.* at 7. The Plea Agreement includes a cooperation agreement, which states that Defendant will testify at his co-actors' court proceedings. *Id.* at 6–7. The cooperation agreement contains the following provisions set forth in paragraph 9(e) of the Plea Agreement:

> The Defendant will remain released until after his cooperation is completed. If Defendant commits a new offense, tests positive for ANY drugs or alcohol or does not appear to the Probation Office or to Court as requested, then Defendant will serve five (5) years incarceration if he cooperates later or ten (10) years incarceration if he does not cooperate (either by refusal to testify, testifying differently than what he has previously stated is true, or not testifying due to his disappearance).

On September 27, 2018, Defendant committed Theft by Receiving (As a Third Degree Felony) in Superior Court of Guam Criminal Case No. CF0237-19. Indictment, Apr. 29, 2019. Defendant's co-actor, Jaxdino Kose, entered into a plea agreement—which ended Defendant's cooperation agreement—on February 5, 2019. Plea Agreement, Feb. 21, 2019. On March 30, 2021, Defendant entered into a global plea agreement for Superior Court of Guam Criminal Case Nos. CF0237-19 and CF0118-19. Plea Agreement, Jan. 7, 2022. The People filed People's Sentencing Memorandum. People's Sentencing Mem., Nov. 17, 2021. Defendant filed Defendant's Sentencing Memorandum. Def.'s Sentencing Mem., Dec. 7, 2021. On May 2, 2022, the Court held a Sentencing Hearing and took the matter under advisement. Minute Entry, May 2, 2022.

## DISCUSSION

The People request that the Court sentence Defendant to five years in accordance with paragraph 9(e) of the plea agreement because he was convicted in Superior Court of Guam

Criminal Case No. CF0237-19, which he committed prior to completing the cooperation agreement. People's Sentencing Mem at 1–2. Defendant argues "[t]o sentence defendant Tedtaotao to that extra two years in this case, for a crime he committed that he has already been sentenced for, would violate his constitutional right against double jeopardy." Def.'s Sentencing Memo at 1.

Defendant analogizes his case to *People of Guam v. Torres*, 2008 Guam 26 and asserts that paragraph 9(e) is a Double Jeopardy violation. Def.'s Sentencing Memo at 1. In *Torres*, the Supreme Court of Guam found that contempt sanctions of a domestic case trigger double jeopardy protections. *Torres*, 2008 Guam 26 ¶ 2. The Court reasoned that contempt sanctions in a domestic case are criminal sanctions, not civil sanctions. *Id.* at ¶ 30. The Court further reasoned that when analyzed under the *Blockburger* test, the criminal statute and domestic contempt sanctions statutes constituted the same offense. *Id.* at ¶ 56. Consequently, punishing Defendant under both statutes was a violation of Double Jeopardy. *Id.* at ¶ 64.

The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution prohibits more than one prosecution for the same offense. *Oregon v. Kennedy*, 456 U.S. 667, 671 (1982) (internal citations omitted). "[I]n determining whether a double jeopardy violation exists, the court must first determine whether jeopardy has previously attached." *People v. Manila*, 2005 Guam 6 ¶ 23.

If jeopardy has attached, courts must determine whether the "initial criminal punishment bars a subsequent criminal punishment under section 30.40(a)(1)." *Torres*, 2008 Guam 26 ¶ 39. Legislatures may authorize multiple punishments for a violation of two distinct statutory provisions where a defendant commits only one act. *Whalen v. United States*, 445 U.S. 684, 688 (1980). If a legislature has not expressly authorized multiple punishments for one act violating two distinct statutory provisions, the Court must determine "whether each

provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

The Court finds that defendant is being punished for three distinct acts, not one act. Therefore, the Court declines to reach the question of whether jeopardy attached. Paragraph 9(e) of the Plea Agreement is punishing Defendant for violating the cooperation agreement. It is not punishing Defendant for his actions that led to his sentence in CF0237-19, nor is it punishing him for his actions that led to his sentence in CF0691-17 and CF0690-17. In *Torres*, the defendant was punished in a criminal case and in a domestic proceeding for an altercation with his girlfriend, which is one instance of conduct. Here, there are three instances of conduct: (1) Defendant's conduct that led to his sentence in CF0691-17 and CF0690-17; (2) Defendant's conduct that led to his sentence in CF0237-19; and (3) Defendant's violation of his agreement with the People. The additional two years the People request the Court add to Defendant's sentence are akin to a remedy for a contract breach. They are not punishment for Defendant's criminal conduct but for failing to adhere to the terms of the Plea Agreement. Therefore, there is no Double Jeopardy violation in sentencing Defendant to serve five years.

Courts analyze plea agreements according to contract principles. *United States v. Tilley*, 786 F.Supp. 2d 862, 866 (W.D. Pa. 2011). "Courts must enforce bargained-for exchange in plea agreements against defendants, otherwise 'the government would have no meaningful recourse if it performed its end of the agreement but did not receive the benefit of its bargain in return.'" *Id.* (internal citations omitted). [U]nder general contract principles a bargained-for exchange exists if one party's promise induces the other party's promise or performance." *Boomer v. AT&T Corp.*, 309 F.3d 404, (7th Cir. 2002).

The People promised not to request the Court sentence Defendant to more than five years incarceration, all but three years suspended, with credit for time served for Third Degree

Robbery (As a Third Degree Felony) in CF0691-17 and ten years incarceration, all but three years suspended, with credit for time served for Third Degree Robbery (As a Third Degree Felony) in CF0690-17. Plea Agreement at 7. The People also promised that Defendant would remain released while awaiting sentencing. *Id.* at 8. Defendant promised—among other things—that he would not commit any news offenses. *Id.* Accordingly, the Court finds that there was a valid bargained-for exchange in the plea agreement. The Court also finds that Defendant failed to maintain his promise as stated in the Plea Agreement when he committed CF0237-19. Thus, when analyzing the plea agreement under contract principles, the Court finds it may impose a sentence of five years to serve.

## CONCLUSION AND ORDER

For the above reasons, the Court **holds enforcing the provision contained in paragraph 9(e) of the Plea Agreement is not a Double Jeopardy violation**.

SO ORDERED, this _____ day of __JUN 0 6 2022_____ 2022.



_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam